DAVID COPLAND, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9557. Promulgated February 7, 1929.

*M. J. Feldman, Esq.*, for the petitioner.
*Brice Toole, Esq.*, for the respondent.

OPINION.

Trammell: For the year 1919 the question is whether the amount of $27,000, being the profits derived from the syndicate, the interest in which was transferred by the petitioner to his wife before any profits were derived therefrom, is taxable as the income of the petitioner or of his wife, Mildred Copland. For 1920, the question is whether the $1,800 interest on the securities received in that year from St. Louis & San Francisco Railroad should be taxed to the petitioner or to his wife.

With respect to the assignment of petitioner's interest in the agreement with the North American Oil Co., the real question is whether the petitioner assigned to his wife the asset or corpus from which the income or profit arose or merely assigned the right to receive income or profits. If the asset giving rise to the income was assigned, then the income is not taxable to the petitioner. See *Fred W. Warner*, 5 B. T. A. 963. But if income or profits only were assigned, they become taxable to the petitioner regardless of their assignment or transfer to the petitioner's wife. *Ormsby McKnight Mitchel*, 1 B. T. A. 143; *Mitchell* v. *Bowers*, 15 Fed. (2d) 687; certiorari denied by the United States Supreme Court, 273 U. S. 759; *Ella Daly King, Executrix*, 10 B. T. A. 698, and cases there cited. The assignment itself is set out in the findings of fact. We are not advised, however, of the provisions of the original contract with the corporation whose stock was sold. That contract was in writing, but was not introduced in evidence. It may well be that the petitioner was required

to render services which gave rise to the profits and continued to do so after the assignment. The evidence discloses also that the petitioner and his associates agreed to purchase the stock and to sell it. This may have required a capital outlay or the rendition of services on petitioner's part, or it may be a fact, which the record does not disclose, that the petitioner was merely to receive profits under his contract. The petitioner's portion of any capital contribution is not shown to have been assigned to his wife. All that Mrs. Copland received was profits. If she had become the owner of the principal or the asset giving rise to the profits, she would have become entitled to the portion of the petitioner's capital invested in the enterprise and not merely the profits therefrom. On the other hand, if the petitioner had rendered services as his contribution to the syndicate, the profits were derived from the services of the petitioner rendered after the assignment. The terms of the assignment to the petitioner's wife in connection with the actions of the parties indicate that what was assigned was the right to profits after they had arisen rather than any principal or asset which gave rise to the profits. The petitioner's wife did not receive the principal invested by the petitioner. In any event, considering the fact that the record does not disclose the nature of the contract between the petitioner and his associates or its terms and conditions, we are not able to determine that the preponderance of the evidence shows that the action of the respondent in this regard was erroneous.

With respect to the question whether the amount of $1,800 interest on securities received by the petitioner's wife was taxable to the petitioner, we think the evidence clearly shows that this amount was received by the petitioner's wife and that the petitioner had made a gift of such securities to his wife.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

STERNHAGEN concurs in the result only.

VAN FOSSAN dissents.